**Zheng Shi CHUN, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4391.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 9, 2004.

Decided Feb. 26, 2004.

Gang Zhou, New York, NY, for Petitioner.

Mark C. Walters, Michael P. Lindemann, Douglas E. Ginsburg, John D. Williams, Mary Jane Candaux, United States Department of Justice, Office of Immigration Litigation, Leslie C. Ohta, United States Department of Justice, Civil Division, Classification Unit, Washington, DC, for Respondent.

Before SCIRICA, Chief Judge, ROTH and MCKEE, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

At issue is whether the Board of Immigration Appeals properly found that China's one-child policy would not lead a Chinese asylum applicant to reasonably fear a forced sterilization procedure upon return

to China. For the following reasons, we will affirm.

## I.

On August 11, 1992, petitioner Zheng Shi Chun, a Chinese citizen, entered the United States on a three-month tourist visa. The Immigration and Naturalization Service commenced exclusion proceedings the same day on the grounds that Zheng had entered the United States intending to be an immigrant without proper documentation. In December 1992 the INS closed the exclusion proceedings because Zheng failed to appear at the hearing.

On May 15, 1998, Zheng filed a request for asylum under 8 U.S.C. § 1101(a)(42), as well as withholding of removal and protection under the Convention Against Torture, claiming that he fled China due to police persecution in connection with his job as a taxi driver. At a hearing before the Immigration Judge, Zheng conceded deportability under I.N.A. § 212(a)(6)(A)(i). However, Zheng claimed he was persecuted by police while working as a taxi driver and stated orally that he feared persecution in the form of mandatory sterilization under China's one-child family planning policy upon return to China.[1] The IJ ultimately denied Zheng's application for asylum and protection under CAT, finding no evidence of prior persecution or any well-founded fear of future persecution in connection with his conflicts with the police as a taxi driver and in regard to China's family planning policies.[2]

Zheng appealed to the BIA, claiming that the IJ erred in finding that he had a well-founded fear of forced sterilization upon returning to China.[3] After reviewing the record de novo, the BIA dismissed the appeal, holding that Zheng had not satisfied his burden of proving that a reasonable person in his circumstances would fear persecution.

Zheng filed a timely appeal to this court. Zheng claims that the BIA erred in finding that the petitioner did not satisfy his burden of proof in establishing a well-founded fear of persecution, and also contends that the BIA violated Zheng's Fourteenth Amendment due process rights by making an independent factual finding on country conditions, a subject he claims the IJ did not address.

## II.

We review the BIA's finding of fact regarding a well-founded fear of persecution under the substantial evidence standard. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir.2001). Under this standard, the BIA's finding must be upheld unless the evidence compels a contrary conclusion. *Id.* at 484; *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## III.

### A.

■ An applicant for asylum has the burden of proof to establish he is a refugee

---

1. To support his claim of persecution under the one-child policy, Zheng offered into evidence *Country Reports on Human Rights Practices (China)* issued for the years 2000 and 2002 and *China: Profile of Asylum Claims and Country Conditions.*

2. The IJ found that Zheng was not legally married, so any of his fears regarding possible sterilization because of the one-child policy was "purely speculative." The IJ concluded

that "the record before the Court simply fails to establish … that the applicant has established that in regard to the family planning policy, that there is any kind of well-founded fear of persecution that has been established."

3. Zheng did not appeal the IJ's denial of his asylum application based on his experience as a taxi driver.

by showing that he has suffered past persecution or has a well-founded fear of future persecution. 8 C.F.R. §§ 208.13(a), (b) (2004). To demonstrate a well-founded fear of future persecution, the applicant must show that: (a) he has a subjective fear of persecution in his country of nationality on account of race, religion, nationality, membership in a particular social group, or political opinion; (b) there is a reasonable possibility of suffering such persecution if he or she were to return to that country; and (c) he is unable or unwilling to return to that country because of such a fear. § 208.13(b)(2). A person with a well founded fear of forced sterilization under a coercive population control program is deemed to have a well founded fear of persecution on account of political opinion. 8 U.S.C. § 1101(a)(42)(B) (2003).

After reviewing the record evidence presented by Zheng, the BIA concluded:

> [Zheng] has not included any evidence showing that a person in his situation— the father of United States citizen children—would be persecuted under the Chinese government's family planning policies if returned to China. Thus, his fears of future persecution are speculative and he has not satisfied his burden of proving that a reasonable person in his circumstances would fear persecution at this time.

Zheng alleges that the reports he submitted into the record demonstrate that a father returning to China with two United States citizen children would reasonably fear sterilization under China's one-child policy. We disagree. While the reports acknowledge isolated incidents of physically coerced sterilization, they state that the Chinese government formally prohibits physical coercion to compel sterilization. According to the 2002 Country Report on Human Rights Practices, one parent in families with two children may be "encour-

aged" to undergo sterilization, but sterilization is not required. The reports depict the Chinese government as generally pursuing its family planning goals through economic incentives, delayed family licenses, the imposition of fines, and the imposition of mandatory birth control such as intrauterine devices or implants. Since the reports do not show that Zheng would be in danger of this procedure upon return to China, we find no substantial evidence that would warrant reversing the holding of the BIA.

**B.**

■ Zheng claims that he was denied his right to due process under the Fifth Amendment. *See Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir.2001) (holding that aliens in deportation hearings enjoy due process protections under the Fifth Amendment). Zheng alleges that the IJ denied his petition solely on the lack of proof of his marital relationship, and he received no notice that his asylum claim could be viewed by the BIA as deficient for lack of proof of country conditions. However, the IJ discussed deficient country conditions evidence in the record as one reason why Zheng was denied asylum: "The record before the Court simply fails to establish ... that the applicant has established that in regard to the family planning policy, that there is any kind of well-founded fear of persecution that has been established." Since Zheng received notice of potentially deficient evidence through the IJ's order, his due process claim fails.

**IV.  Conclusion**

For the reasons stated above, we will affirm the decision of the BIA.